| 4 | 47 |
|---|---|
| 4 | 415 |
| 7 | 7 |
| 4 | 47 |
| 12 | 181 |
| 12 | 185 |

</div>

## VANCE'S HEIRS v. MARONEY, Ad'r.

1. Executors, administrators and others acting in a like fiduciary capacity in making sale of property, must comply strictly with the requisites of all statutory provisions relating to the subject before those whose interests are to be affected by the proceedings will be held concluded thereby.

2. A return of *non inventus* made before the return day of the writ is not in compliance with the law requiring service of notice to defendants, and will not support a notice by publication.   (R. S. 1868, p. 94, § 8.)

### *Error to Probate Court of Gilpin County.*

THE case is stated in the opinion.

Messrs. BELFORD & REED, for plaintiffs in error.

Mr. L. C. ROCKWELL, for defendant in error.

STONE, J.   The sole question for our determination is as to the validity of the decree of the probate court for the sale of the lands of David C. Vance, the decedent.

In such determination, the first question to be examined is, did the court at the time of rendering the decree have jurisdiction?

If not, then we need not determine that other question upon which the learned counsel on both sides have cited very numerous authorities, whether this court can go back to an investigation of the appointment of the administrator, the character of the claims against the estate, and whether

they were properly allowed as debts, for the discharge of which the sale of property of the estate was decreed.

Section one hundred and four of the chapter relating to wills, executors, and administrators (R. S., p. 671) provides, that the mode of proceeding upon a petition of an administrator to sell the lands of his decedent for the payment of debts allowed against the estate, shall, as nearly as practicable, conform to the proceedings of courts of chancery in like cases.

By the record of the case at bar, it appears that an attempt was made by the administrator to conform to such practice, but it is evident that in several particulars the proceedings fell short of the requirements of law.

It is well settled as a general rule, that executors, administrators and others, acting in a like fiduciary capacity, in making sale of property, must comply strictly with the requisites of all statutory provisions relating to the subject, before those whose interests are to be affected by the proceedings will be held concluded thereby. *Ventres* v. *Smith*, 10 Pet. 161.

To enable the court below to decree such sale, jurisdiction must have been acquired by certain essential preliminary steps, among which are the filing of the proper petition setting out cause, and due notice of the hearing thereupon, to the parties defendant, by personal service or by publication coupled with attempted personal service as required by law.

Touching the sufficiency of the petition in this case, no question has been raised that we need discuss. In the matter of notice, however, the record discloses that summons was issued on the 4th day of September, 1871, returnable on the 2d day of October ensuing, and which writ was returned *non inventus* on the 21st day of September, seventeen days after its issue.

Order of publication was also made on the 4th day of September, and upon the 2d day of October *after hearing testimony*, the case, upon the ground of insufficiency of

notice, was continued to the November term ensuing, and afterward to the December term.

On the 6th day of October, 1871, an *alias* summons was issued, returnable on the 6th day of November, the date to which the cause was first continued. This writ was returned on the 17th day of October — eleven days after its issuance — indorsed like the first, *non inventus* as to all oi the defendants.

On the 6th day of December, 1871, the decree of sale was entered.

Under that clause of section 8 of the Chancery Act, providing for notice by publication, which declares that " this proceeding shall not dispense with the usual exertion on the part of the sheriff to serve the summons," this court has repeatedly held that a return, *non inventus*, of the writ by the officer before the return day, is not a compliance with the law requiring service of notice to defendants. The reasons for such ruling are so clearly set forth in the case of *Palmer* v. *Cowdry*, 2 Col. 6, that we need not repeat them here.

Without holding the writ until the return day and a proper return accordingly, the publication of notice will not avail to confer jurisdiction upon the court to render final decree upon the petition.

The record discloses other errors in the proceedings affecting the validity of the decree, but since the failure of service is fatal, we need not pass upon any other question touching the decree directly, nor need we discuss those antecedent questions raised by the assignment, relating to the appointment of the administrator and the character of the claims allowed against the estate.

The probate court having acted without jurisdictional authority, the decree was void, and will, therefore, be set aside, and the cause remanded for further proceedings, not inconsistent with this opinion.

*Reversed.*